JAMES MUNYAN v. ELLIS FRENCH AND GEORGE B. FOX.

1. On a joint bond, if one of the obligors makes an assignment under the statute for the benefit of his creditors, and the obligee of the bond presents his claim growing out of the bond to the assignee, his right to sue on the bond is thereby forfeited.

2. Such an act is a discharge of one of two joint debtors, and the rule is that when one of the obligors is discharged all are.

---

On contract. On demurrer to plea.

Argued at November Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the demurrant, *Austin H. Swackhamer*.

The language of the twenty-first section of the Assignment act is of itself a complete answer to this plea. It says " with respect to the creditors who shall come under said assignment

and exhibit their demands as aforesaid for a dividend, they shall be wholly barred from having afterwards any action or suit at law or equity against such debtors or their representatives."

How can this be construed into a bar to an action against the assignor's co-obligor? Discharge of principal by operation of law does not discharge the surety; *a fortiori*, it will not discharge a joint obligor. *Wagoner* v. *Watts*, 15 *Vroom* 126.

This was a suit brought by lessor against the surety on the lease. The lease was not under seal, and the action against the lessee was barred by statute of limitation, while the contract of suretyship was under seal and was not barred. The court held that the surety was not relieved from the performance of his contract by reason of the release of the principal debtor by operation of law.

If it be contended that exhibiting a claim to the assignee of one joint debtor is a release of both, the argument is that the rule that a release of one joint debtor is a release of both requires that the release shall be a technical release under seal. *Nelson* v. *Smalley*, 9 *Vroom* 358; *Crane* v. *Alling*, 3 *Gr.* 423.

Also, it has been held that the Assignment act was not designed to affect any security in the hands of the creditor, but simply to relieve the debtor from all personal liability for debt upon which the creditor accepted or demanded a dividend. *Bell* v. *Fleming*, 1 *Beas.* 490.

In that case the creditor's claim was partly secured by a mortgage. *Held*, that exhibiting his claim against the estate of the assignor, his debtor, did not relinquish or impair his mortgage security. It is not perceived how the defendant is prejudiced by the exhibiting of the claim against the assigned estate of his co-obligor.

The claim was not filed with the assignee until after the bond became due, so that the defendant had an opportunity of paying off the bond and claiming contribution against the assignee by exhibiting his claim, or he could have refused to

exhibit his claim and recovered judgment against his co-obligor and held it against him in future. His *status* is not changed, however, by plaintiff exhibiting the claim to the assignee. He still has the right to pay off the bond and file his claim against the assigned estate of his co-obligor or bring suit against him, as he sees fit.

The conduct of the plaintiff in exhibiting this claim against the assigned estate of Ellis French is not open to criticism by the defendant, but he would have had good grounds for complaint if the plaintiff had failed to file his claim, and thus be in a position to collect what he could from the estate of French. Neither are authorities wanting to uphold the plaintiff's contention.

The case of *Scull* v. *Alter*, reported in 1 *Harr.* 147, is a case directly in point. The court in that case expressly said that the plaintiff Alter might have presented his claim against the assignee or assignees of Carhart individually, and demanded a dividend of his estate on the balance due from Curtis, Carhart & Company, on the ground of his individual liability, and in like manner he might have claimed a dividend if necessary out of the separate estate of Britton.

Also in the case of Vanderveer *v.* Conover, which was a suit on a joint bond, the same as in this case, the court held that the creditor could proceed against one of the joint debtors who had not made an assignment, although he had exhibited his claim against the assignee of the other defendant and accepted a dividend. *Vanderveer* v. *Conover*, 1 *Harr.* 487.

For the defendant, *Joseph J. Summerill.*

The action in this case is founded upon a joint bond. After the bond was given, and before maturity, the defendant French made an assignment for the benefit of his creditors, under our Assignment act. The plaintiff filed his claim (being the bond sued upon) with French's assignee, and afterwards commenced suit against both French and Fox. Fox appeared and pleaded specially that French had made an assignment, in due form of law, for the benefit of his creditors, and that plaintiff had

accepted the assignment as made for his benefit by coming in and proving his claim, and that he was thereby barred from having any action against him (Fox).

Presenting a claim as a creditor is coming in for a dividend, and the creditor thereby becomes a party to and bound by the assignment. *Vanderveer* v. *Conover*, 1 *Harr.* 487.

The special plea and demurrer raises the question whether a plaintiff, who has voluntarily accepted an assignment, is barred from afterwards maintaining an action upon the claim filed by him with the assignee, as against a joint contractor with the assignor, and calls for the construction of section 21 of the Assignment act: " * * * But with respect to the creditors who shall come in under said assignment and exhibit their demands as aforesaid for a dividend, they shall be wholly barred from having afterwards any action or suit at law or equity against such debtors or their representatives." *Gen. Stat., p.* 81, § 21.

The design of this enactment, taken as a whole, is to absolutely discharge the debtor from the payment of any debt which is presented before his assignee for a dividend. In presenting a claim the claimant acts voluntarily. The law does not compel him to accept the assignment or to prove his claim. If he does not, his right of action is not taken away. In this our Assignment act materially differs from the United States Bankruptcy act passed in 1841, and the Insolvent laws, which, in the one case, completely discharged the debtor from the payment of all debts existing at the time of the discharge, and, in the other, from imprisonment, or the liability thereto, for all debts at that time existing. The law operated upon and made the discharge, without the creditor's consent. This has given rise to a class of cases following *Cochrane* v. *Cushing*, 124 *Mass.* 219; *Wolf* v. *Stix*, 99 *U. S.* 1; *Phillips* v. *Solomon*, 42 *Ga.* 192; *Ray* v. *Brenner*, 12 *Kan.* 105, and the other cases cited in 24 *Am. & Eng. Encycl. L.* 846, that hold, "The discharge of the principal which discharges a surety, must be a discharge by some act or neglect of the creditor, and a discharge by operation of the law being, as it

is, against the consent and beyond the power of the creditor, does not discharge the surety."

There are no adjudications in this state on the question presented for decision. The case of *Moses* v. *King*, 2 *Dutcher* 124, holding that an execution creditor, by presenting his claim, does not waive his lien under his execution, and of *Bell* v. *Fleming*, 1 *Beas.* 13, holding that a mortgage creditor, by presenting his claim, does not waive his lien under his mortgage, do not apply, as the act expressly reserves judgment and mortgage creditors from its operation. *Gen. Stat., p.* 77, § 1.

As I understand it, the principles of law applicable to this case are these:

1. The common law, as well as our law, in all actions of contract, requires the plaintiff to prove his contract as against as many persons as he alleged it. He must recover against all or none.

2. An action upon a joint debt, barred voluntarily as against one, is barred altogether.

1. The cause of action being joint the plaintiff was bound to bring both defendants into court and declare against them jointly. He was bound to prove a joint contract, and he was bound to ask for a joint judgment. The act entitled " Obligations and Joint Debtors " (*Gen. Stat., p.* 2336, § 2) does not declare that all joint actions shall be several as well as joint, but it merely provides a mode of procedure by which judgment may be obtained against joint debtors where only some of them can be served with process, and that judgment must be against them all. At common law a plaintiff had to bring all the defendants into court before he could declare against them and obtain his judgment; if they could not all be served, the mode was to proceed to outlawry against those not in court, and this statute seems to have been passed to provide a remedy to supply the place of outlawry.

Where the defendants are joint debtors judgment cannot be entered against one alone. *Stehr* v. *Ollbermann*, 20 *Vroom* 633.

The cause of action declared on is joint, so that the judgment must be against both or none. The plaintiff is absolutely barred by the statute from having any action against French. By his voluntary act of accepting the assignment he absolutely and forever discharged the defendant French from the very claim he now sues upon. Surely, within the purview of the act, there can be no judgment entered as against French, and French not being liable to judgment there can be no judgment against Fox. The common law required, as well as our law, that where the contract is joint the judgment must be against all or none.

This being a joint action, to support the declaration a joint subsisting cause of action must be shown against both defendants. If, therefore, one of the defendants can plead a sufficient bar, as it respects himself, it shall avail the other defendant also, for it shows that at the time of the commencement of the action no joint cause remained, thereby falsifying a material averment of the declaration. *Ward* v. *Johnson,* 13 *Mass.* 148.

Joint debtors must be jointly sued. In a suit against joint debtors, a joint existing indebtedness in all the defendants must be shown. *Robertson* v. *Smith,* 18 *Johns.* 459.

2. The cause of action, if any now exists, is joint. Both defendants are brought into court and declared against jointly. By the statute (Assignment act), the plaintiff's action is absolutely barred as against French—that is, it is perpetually destroyed. By exhibiting his claim to French's assignee, he became a party to the assignment and is bound thereby. He voluntarily released and discharged French from any action on account of that claim. As soon as plaintiff became a party to the assignment, the law released and discharged his right of action. No technical release was needed, or contractual release of any kind. In the language of the Honorable Chief Justice of this court, in *McCormick* v. *Willets,* 28 *Vroom* 1 : "When the plaintiff preferred his claim to the assignee, in effect he contracted, by force of the statute, to accept, in full payment of the money due him, a distributive share of the

property embraced in the assignment." The debt embraced in the claim became totally extinguished, and being extinguished as to one, it was extinguished as to both.

Where, in respect of any of the defendants, the right of action is gone or is suspended, their joint liability being at an end, the other defendants may avail themselves of this suspension or discharge, whether it be produced by the act of the party or by operation of law, at the instance and by the agency of the plaintiff. *Ward* v. *Johnson, supra; Robertson* v. *Smith, supra.*

A judgment (without satisfaction) recovered against two joint debtors, is a bar to an action against both. *King* v. *Hoar,* 13 *Mees. & W.* 493; *Kendal* v. *Hamilton,* 4 *App. Cas.* 504.

If the obligee in a joint and several bond makes one of the two obligors his executor, with others, the action on the bond is discharged. *Cheetham* v. *Ward,* 1 *Bos. & P.* 630; *Bac. Abr., tit. "Obligations" D.*

Generally speaking, a release to one of several joint, or joint and several, covenantors or promisors, releases all. *Add. Cont.* 1222; *Bac. Abr., tit. "Releases" G; Co. Litt.* 232; *Lacy* v. *Kinaster,* 1 *Ld. Raym.* 690.

I respectfully submit to the court that an action upon a joint contract voluntarily barred as against one, is barred altogether, and that judgment must be given for the defendant.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The following facts give rise to the problem to be solved:

The two defendants, French and Fox, executed a joint money bond to the plaintiff, and while this instrument was outstanding French, becoming insolvent, made a statutory assignment for the benefit of his creditors, and that the plaintiff duly made claim thereunder by virtue of the bond in question.

The present action is against both defendants, founded on this instrument. The declaration is in the ordinary form,

alleging a joint obligation in both obligors to pay the money called for in the condition. To this declaration the defendant Fox has interposed a plea showing the assignment just stated of his co-obligor, French, and the presentation to the assignee of a claim for the moneys due on the obligation in suit.

The question thus propounded is whether the going in under this assignment by the plaintiff operated as a release of one of these joint obligors.

In the case of *Administrators of Crane* v. *Alling*, 3 *Gr.* 423, it was held that a release of one of the obligors in a bond executed by more than one is a release to all such obligors.

From this decision and others of the same strain, I understand that any act done by the obligee which, in law, will forever estop him from recovering judgment on the instrument, is to be taken and considered as a release without respect to the intention inducing such conduct. Thus, if the obligor should appoint one of the obligees his executor, the bond would be extinguished, even though, in his will, the testator should manifest a purpose to keep it alive. Applying this rule to the case in hand it is manifest this action cannot be sustained.

In the statute of this state regulating assignments in favor of creditors, it is expressly declared that "with respect to creditors who shall come in under said assignment and exhibit their demands as aforesaid, they shall be wholly barred from having afterwards any action or suit at law or in equity against such debtors or their representatives."

It is obvious that the present suit is in diametrical opposition to this prohibition. A creditor having gone in under the assignment is here before this court suing the assignor for the same claim. To permit the action to proceed would be judicially to permit to be done what the legislature has said shall not be done.

There seems to be no way of overcoming this difficulty. There can be no severance of these obligors. They are sued as joint obligors and the judgment in that respect must accord with the writ and declaration.

It may not be amiss to say that the cases cited by the counsel of the plaintiff are not deemed applicable, for they relate to a different situation; they have nothing to do with the question above decided, that the release of one joint obligor is a bar to a suit on the bond.

The demurrer must be overruled.